IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:01 am, Dec 16, 2020

| | |
|---|---|
| DAVID MCCLOUD, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-122 |
| v. | |
| STEVEN SCARLETT; JACKIE JOHNSON; NEAL JUMP; and GLYNN COUNTY, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This Court ordered Plaintiff to submit an Amended Complaint. Doc. 3. Plaintiff's Amended Complaint, doc. 4, now replaces his original Complaint and is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. Plaintiff's claims concern events related to a state court prosecution, but Plaintiff is not presently incarcerated. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I recommend the dismissal of Plaintiff's Complaint, I also **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Doc. 2.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff's Amended Complaint is difficult to decipher.  It appears Plaintiff alleges District Attorney Jackie Johnson, Sheriff Neal Jump, Judge Steven Scarlett, and Glynn County all violated his right to a speedy trial.  Doc. 4 at 5.  Plaintiff asserts District Attorney Jackie Johnson wrongfully placed his case on the "dead docket."  Id.  Plaintiff claims Defendant Johnson did this for a vindictive reason.  Id.  Plaintiff claims Judge Steven Scarlett wrongfully signed the order to "dead docket" the case.  Id. at 6.  Plaintiff states this violated his rights to a speedy trial and procedural due process and deprived him of his life and liberty.  Id. at 5.  Plaintiff states some charges were dismissed in 2013 and other charges were taken to trial in October 2017.  Id.  Plaintiff states Sheriff Neal Jump followed District Attorney Jackie Johnson's and Judge Steven Scarlett's orders.  Id.  Plaintiff claims Glynn County allowed the police to commit unspecified unlawful conduct that violated his constitutional rights.  Id.  Plaintiff also lists claims for false imprisonment, vindictive prosecution, and double jepordy at the beginning of his Amended Complaint without providing any further information about these claims.  Id. at 3.  Plaintiff seeks compensatory and punitive damages.  Id. at 6.  Although not specifically mentioned in his Complaint, Plaintiff has submitted an order signed by Superior Court Judge Roger B. Lane granting his motion to dismiss due to the violation of his right to a speedy trial.  Doc. 4-1 at 3.  This order is dated October 12, 2017.  Id.  Plaintiff makes few specific or detailed factual allegations in his Amended Complaint.[2]

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 4.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[2] Notably, Plaintiff was ordered to amend his initial Complaint because the Court could not determine what legal claims Plaintiff intended to assert or what facts supported those claims.  Doc. 3.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    District Attorney Jackie Johnson and Judge Steven Scarlett**

Prosecutors and judges are entitled to absolute immunity for claims for claims seeking "monetary relief arising out of actions performed within their official authority." Tarter v. Hury,

3

646 F.2d 1010, 1012 (5th Cir. 1981).  A prosecutor is entitled to to absolute immunity from § 1983 liability when he acts within the scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case."  Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976).  Even though Plaintiff makes the conclusory allegation that the District Attorney had a vindictive motive, the only wrongful action Plaintiff alleges the District Attorney took is delaying the prosecution of his case.  Doc. 4 at 5.  Declining to prosecute and placing a case on the "dead docket" is within the scope of a prosecutor's duties "in initiating a prosecution."  See, e.g., Colomb v. James, No. 1:20-CV-00438, 2020 WL 7041498, at *5 (N.D. Ga. Dec. 1, 2020) ("All actions taken by [the prosecutor] relating to the dead docket were directly connected with his basic trial advocacy duties as a prosecutor to make testimony available at trial, and therefore are covered by absolute immunity.").  Prosecutors can exercise discretion in deciding if and when to bring charges.  As this Court has stated previously, "A prosecutor is absolutely immune from suit against alleged violations of a right to a speedy trial."  Allen v. Se. Ga. Health Sys., No. CV208-146, 2009 WL 982102, at *3 (S.D. Ga. Apr. 10, 2009) (citing Tarter, 646 F.2d at 1012).  Thus, Plaintiff's claims against District Attorney Jackie Johnson fail.

Similarly, judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction."  Id. at 418 (quotation omitted).

> Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction . . . . Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quoatations omitted).  Signing a prosecutor's request to defer bringing charges in a case is a normal judicial function that involve a case pending before the judge.  Therefore, Plaintiff's claim against Judge

4

Steven Scarlett must fail. For these reasons, District Attorney Jackie Johnson and Judge Steven Scarlett are immune from suit.

## II.     Sheriff Neal Jump

Plaintiff only alleges Sheriff Neal Jump followed District Attorney Jackie Johnson's and Judge Steven Scarlett's orders but does not explain exactly how Jump denied him of his constitutional rights. Plaintiff simply has not alleged sufficient facts to state any plausible claim against Defendant Jump. See Iqbal, 556 U.S. at 678.

## III.    Glynn County

To impose § 1983 liability on a county or municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff does not allege any sort of custom or policy followed by Glynn County. Plaintiff only asserts Glynn County allowed its police force to commit constitutional violations. Therefore, Plaintiff has not stated a viable claim against Glynn County.

## IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.  I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA