# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

DAVID MCCLOUD ,                     *
                                    *
       Plaintiff,        *        CIVIL ACTION NO.: 2:19-cv-122
                                    *
    v.                          *
                                    *
STEVEN SCARLETT; JACKIE JOHNSON;    *
NEAL JUMP; and GLYNN COUNTY,        *
       Defendants.        *

### O R D E R

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. Dkt. No. 9. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objection. The Court's January 6, 2021 Order adopting the Magistrate Judge's Report and Recommendation remains the Order of this Court, and this case remains closed. Dkt. Nos. 7, 8.

### BACKGROUND

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Dkt. No. 1. The Court ordered Plaintiff to submit an Amended Complaint due to deficiencies in his initial Complaint. Dkt. No. 3. In his Amended Complaint, Plaintiff sued District Attorney Jackie Johnson, Judge Steven Scarlett, and Glynn County. Id. Plaintiff claimed Defendants violated

his speedy trial and other constitutional rights by "dead docketing" his criminal case.  Id.  After completing a frivolity screening under 28 U.S.C. § 1915A, the Magistrate Judge recommended the Court dismiss Plaintiff's Amended Complaint in its entirety.  Dkt. No. 6.  This Court adopted the Magistrate Judge's Report and Recommendation on January 6, 2021.  Dkt. No. 7.  Also on January 6, 2021, Plaintiff's filed an Objection to the Magistrate Judge's Report and Recommendation.  Dkt. No. 9.

DISCUSSION

In his December 16, 2020 Report and Recommendation, the Magistrate Judge specified any objections must be filed within 14 days.  Dkt. No. 6, p. 7.   The Magistrate Judge stated, "Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions."  Id. at p. 6.  Plaintiff filed this Objection dated December 31, 2020, which was docketed on January 6, 2021.[1]  Dkt. No. 9.

Even considering Plaintiff's Objection, it does not alter the Court's decision to adopt the Magistrate Judge's Report and Recommendation.  Dkt. No. 7.  First, Plaintiff summarily states Defendants violated his speedy trial and other constitutional

---

[1]     Because the Objection was signed after the 14-day period closed, the Objection is likely untimely.  Nevertheless, the Court considers the merits of Plaintiff's Objection, as it appears he attempted to submit the Objections within the required time period.

AO 72A
(Rev. 8/82)

rights.  Dkt. No. 9, p. 1.  These statements are purely conclusory.  Because Plaintiff has not explained why the Magistrate Judge's recommended dismissal of his claims against Defendants Johnson, Jump, and Glynn County is incorrect, the Court overrules any objections as to these Defendants.

Second, Plaintiff appears to argue Judge Scarlett should not be entitled to absolute immunity because he acted outside of his judicial jurisdiction by signing the order to "dead docket" his case without him present and without reading it.  Id. at p. 2.  As the Magistrate Judge stated, whether a judge is entitled to absolute immunity depends on several factors.  Dkt. No. 6, p. 3 (quoting Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011)).  Even if the defendant was not present and the judge did not thoroughly read the order (as Plaintiff contends), Judge Scarlett is still entitled to absolute immunity because he was plainly acting in his judicial capacity by signing an order regarding a case before him.

Third, Plaintiff produces a 2011 Report and Recommendation this Court issued dismissing a similar case.  Id. at pp. 1, 3-6.  Plaintiff contends the Court acted unfairly by dismissing this earlier, similar case while Plaintiff's criminal proceedings were still underway and now dismissing his claims a second time after the proceedings have ended.  Id. at p. 1.  The Court finds this argument unpersuasive.  The Court should conduct a

frivolity screening of all complaints filed by prisoners under 28 U.S.C. § 1915A.   Regardless of whether the prisoner has filed a case surrounding the same issue before, the Court should dismiss all frivolous claims.

CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's Objection. The Court's January 6, 2021 Order adopting the Magistrate Judge's Report and Recommendation remains the Order of this Court, and this case remains closed.   Dkt. Nos. 7, 8.

**SO ORDERED**, this 21 day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)